## STALCUP v. MULLEN *et al.*

No. 5881.    Opinion Filed December 14, 1915.

(153 Pac. 868.)

**INDIANS—Descent—Parent and Child.** E., a minor Choctaw Indian, died during the month of September, 1905, before receiving his allotment, leaving surviving him his father, who was an enrolled Choctaw Indian, and his mother, who was not of Indian blood. **Held,** that after allotment the whole estate ascended to the Indian father, to the exclusion of the white mother.

(Syllabus by the Court.)

*Error from District Court, McClain County;*

*R. McMillan, Judge.*

Action by Mollie Stalcup, *nee* Everidge, against J. S. Mullen and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Crump & Skinner,* for plaintiff in error.

*H. A. Ledbetter,* for defendants in error.

KANE, C. J. · This is a controversy between the paternal and maternal heirs of Thomas Dudley Everidge, a minor Choctaw Indian, who died during the month of September, 1905, before receiving his allotment, leaving surviving him his father, Thomas W. Everidge, who was an enrolled Choctaw Indian, and his mother, Millie Everidge, who was not of Indian blood. The question is, after the land was allotted, did the estate ascend equally to the father and mother, or did the whole estate ascend to the Indian father, to the exclusion of the white mother? The court below held that the estate ascended to the Indian father, and this conclusion we think is supported by the authorities. A late case so holding, which seems to be

precisely in point, is *Gillum v. Anglin*, 44 Okla. 684, 145 Pac. 1145, wherein it was held:

"Upon the death of mixed blood minor children of the Choctaw Tribe of Indians, the fee in their allotments ascends to the parent of tribal blood, and not to the parent who has become a citizen of the tribe by virtue of an intermarriage."

Upon the authority of this and other cases which seem to be to the same effect, the judgment of the court below is affirmed.

All the Justices concur.